## Case No. 13,677.

### SWANSTON et al. v. MORTON.

[1 Curt. 294.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1852.

CUSTOMS DUTIES — PROTEST — FORM OF—GROUNDS OF OBJECTION TO COLLECTOR'S RULINGS.

A protest under the act of February 26, 1845, (5 Stat. 727,) being a commercial document, need not be drawn with technical accuracy; but it must state, distinctly, every ground of objection intended to be relied on; and none other can be relied on at the trial. It must also show, distinctly, what is objected to.

[Cited in Burgess v. Converse, Case No. 2,-154; Vaccari v. Maxwell, Id. 16,810; Curtis v. Fiedler, 2 Black (67 U. S.) 480; Davies v. Arthur, Case No. 3,611; Frazee v. Moffitt, 18 Fed. 585; Herman v. Schell, Id. 892; Arthur v. Morgan, 112 U. S. 501, 5 Sup. Ct. 244.]

[See Bangs v. Maxwell, Case No. 841.]

This was an action of assumpsit [by James Swanston and others against Marcus Morton] to recover from the defendant, who was formerly collector of the customs for the port of Boston, certain duties alleged to have been illegally exacted by him. The district attorney denied that the protest was sufficient. The regular duties on the computed cost of the article, as invoiced, amounted to $646.66. Under the eighth section of the tariff act of 1846, the collector had caused an appraisement to be made, and the appraised value exceeded the value declared on the entry more than ten per cent. The collector required payment of the twenty per cent. additional duties provided for by the above-mentioned section. It was admitted that the proceedings on the appraisement were irregular, and the appraisement not made in conformity to law, and that the plaintiffs must recover, if they had made a sufficient protest. Upon the paper which contained the entry, the regular duties were computed, and the result stated to be $646.66; and on the same paper were the following words and figures: "Penalty, $6466.58 a 20, $1293.31.

|  |  |
|---|---|
|  | 646.66 |
| Penalty, | 1293.31 |
| Referee's fees, | 10.00 |
| Permit, | 20 |

1950.17 paid."

In the accompanying paper, by the side of these words and figures was the protest, as follows: "We hereby protest against paying the additional penalty of twenty per

---

1 [Reported by Hon. B. R. Curtis, Circuit Justice.]

cent., believing the entry and invoice presented by us to be the actual cost of the barilla." The only objection made to the protest was, that it protested against the payment of a penalty, whereas the amount paid was not a penalty, but an additional duty.

G. G. Hubbard, for plaintiffs.
Mr. Lunt, Dist. Atty., for defendant.

CURTIS, Circuit Justice. The act of February 26, 1845 (5 Stat. 727), contains the provision: "Nor shall any action be maintained against any collector, to recover the amount of duties so paid under protest, unless the said protest was made in writing, and signed by the claimant, at or before the payment of the said duties, setting forth, distinctly and specifically, the grounds of objection to the payment thereof." This is an important provision of law, and must be carefully construed, so as to secure the practical advantages to the government which it was designed to secure, and at the same time to embarrass as little as possible the transaction of this species of business. The protest must declare what is objected to, and what are the grounds upon which the objection is rested. I should not permit any ground, not distinctly and specifically set forth in the protest, to be relied on at the trial. Here, however, it is not alleged that the protest does not sufficiently state the ground of objection; but the defect alleged is in the description of the thing objected to. It is urged that the action is to recover back money paid as additional duties; but the thing objected to in the protest was a penalty. It is true the tariff act denominates it additional duty; but it clearly appears, from the circumstances under which it was to be levied, that it was an additional duty, by way of penalty, for not declaring the true value. And if it were necessary to decide upon the strictly technical term appropriate to such a demand, I am by no means clear that it would not be the word penalty. But it is not necessary to go to this length. These protests are commercial documents; and though they must be certain and distinct, they need not conform to any technical rule. If this protest, taken in connection with the other contents of the paper on which it is written, and to which it refers, makes known what was protested against, it satisfies the statute in this particular. That it does make this known, no reasonable man can doubt. It protests against payment of "the penalty of twenty per cent.;" and the same paper calls the additional duty a penalty in the place where it is computed. It was under the name of penalty that the collector exacted the money, and by that name it was proper to call it in the protest. It is clear, it was against this payment of the additional twenty per cent., called by the officer of the customs, who computed and demanded it, a penalty, that the protest is directed. I hold it to be sufficient.

---

SWANWICK (LIVINGSTON v.). See Case No. 8,419.

SWART (GRANGER v.). See Case No. 5,685.

SWARTWOUT (DORR v.). See Case No. 4,010.

SWARTWOUT (KIDD v.). See Case No. 7,756.